UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE JOSEPH EDWARD KLOIAN,

     Debtor,                                        Case No. 05-CV-71776-DT

_____/

**ORDER OF DISMISSAL**

On May 5, 2005, Debtor Joseph Edward Kloian filed a "Notice of Appeal" in the above-captioned case.  Debtor is appealing the bankruptcy court's "Order Denying Debtor's Motion For Reconsideration of Order Conditionally Approving Debtor[']s November 12, 2004 Motions to Release Surplus Funds to Debtor to Retain Counsel and Pay Attorney Fees for Various Legal Issues (Docket # 1834), Including Such Fees for a New Competency Hearing (Docket # 1836); Including Orders Docket # 1834 and Docket # 1836" and "Order Denying Debtor's Motion for Reconsideration of Orders Approving Fee Applications of John Bohl & Associates, P.C. (Docket # 1915), Ronald Rose (Docket # 1916), Wallace M. Handler (Docket # 1917), Stephen Stella (Docket # 1918), Doeren P. Mayhew & Co., P.C. (Docket # 1919), and Further Denying Debtor's Motion for Stay; Including Their Underlying Orders Docket # 1915, Docket # 1916, Docket # 1917, Docket # 1918 and Docket # 1919."  (Notice of Appeal at ¶¶ 1-2.) Although Debtor has filed a two page document entitled "Designation of Record," he has failed to provide the documents he requested to be included.  On November 8, 2005,

Mr. Gregg Greschak, an Appeal Clerk of the bankruptcy court, filed a memorandum with this court in which he stated:

> [D]ebtor filed the Appellant designation of record along with his statement of issues on appeal. The documents requested by the appellant's designation to be included have not been provided as required by the notice of requirement to file designation, nor has there been any contact by the Appellant to make arrangements to have copies made with the Clerk.

(11/8/05 Memo at 1.) As of the date of this order Debtor has not filed the designation of record as required to be filed within ten days after filing a notice of appeal.

*In Drybrough v. Ware*, 111 F.2d 548 (6th Cir. 1940), the Sixth Circuit discussed a court's power to dismiss in the context of an insufficient record designated on appeal. The *Drybrough* court held:

> [I]t devolves upon appellant to see that the record is brought to the court with such of the proceedings of the trial court as may be necessary for the proper presentation of the points on which he intends to rely . . ., and for lack of such record the court has the power to dismiss the appeal. This power, however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, appellee will be directed to designate such additional papers, documents and proof used on the hearing below as he deems necessary for a proper presentation of the case and appellant will be required to file the same as a part of the record under penalty of a dismissal of the appeal.

*Id*. at 550 (internal citations omitted). In light of Debtor's failure to provide the documents as required more than eight months since his appeal and nearly three months since the bankruptcy court's memorandum, and because Debtor has not

demonstrated good faith in prosecuting his appeal, the court will dismiss Debtor's appeal with prejudice.

 IT IS SO ORDERED.


              S/Robert H. Cleland
             ROBERT H. CLELAND
             UNITED STATES DISTRICT JUDGE

Dated: February 7, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 7, 2006, by electronic and/or ordinary mail.

              S/Lisa Wagner
             Case Manager and Deputy Clerk
             (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\05-71776.KLOIAN.Dismissal.wpd