**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE JOSEPH EDWARD KLOIAN,

       Debtor.

                                Case No. 05-CV-71776-DT

_____/

**OPINION AND ORDER DENYING DEBTOR'S "MOTION TO REINSTATE APPEAL"**

Pending before the court is Debtor J. Edward Kloian's February 21, 2006 "Motion to Reinstate Appeal," which this court interprets as a motion for reconsideration. Debtor specifically requests that "the Court's Order of Dismissal be vacated and the appeal allowed to go forward." (Pl.'s Mot. at 5.) No hearing is required on the motion. *See* E.D. Mich. LR 7.1(g). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

On May 5, 2005, Debtor filed a "Notice of Appeal," intending to appeal two orders from the bankruptcy court. (5/5/05 Notice.) He filed a two-page document entitled "Designation of Record," but did not provide the documents listed on the designation. (11/8/05 Notice by Bankruptcy Appeal Clerk; 2/7/06 Order of Dismissal at 1.) This court received a memorandum on November 8, 2005 from Gregg Greschak, an appeal clerk of the bankruptcy court stating that "the documents requested by the appellant's designation to be included have not been provided as required by the notice of requirement to file designation, nor has there been any contact by the appellant to make

arrangements to have copies made with the Clerk." (11/8/05 Notice at 1.) Furthermore, Debtor has not requested the production of a transcript or made arrangements for the payment of the transcript.

The court dismissed Debtor's appeal on February 7, 2006 because "as of the date of this order Debtor has not filed the designation of record as required to be filed within ten days after filing a notice of appeal." (2/7/06 Order of Dismissal at 2.) The court relied on *Drybrough v. Ware*, 111 F.2d 548, 550 (6th Cir. 1940), where the Sixth Circuit held that the court has the power to dismiss an appeal if the appellant does not "see that the record is brought to court with such of the proceedings of the trial court as may be necessary for the proper presentation of the points on which he intends to rely." *Id.* "[T]he power, however, should not be exercised generally unless the omission arose from negligence or indifference of appellant." *Id.* This court found that Debtor failed to provide the documents for more than eight months since he filed his notice of appeal and nearly three months since the bankruptcy court's memorandum, and that he had not demonstrated good faith in prosecuting his appeal. (2/7/06 Order of Dismissal at 2-3.) Pursuant to *Drybrough*, the court dismissed Debtor's appeal with prejudice. (*Id.* at 3.)

On February 21, 2006, Debtor filed a "Motion to Reinstate Appeal." Debtor presents evidence that the designation of record and statement of issues were filed with the appeal clerk and asserts that the court's order of dismissal was "based on the mistaken belief that the designation of the records and issues on appeal were not timely filed." (Mot. at 2.) Debtor then states that he was "overloaded" and therefore "relied on Bankruptcy Rule 8006 to have the clerk prepare the copies." (*Id.*) According to Debtor,

2

*Drybrough* was not applicable to his case because it addresses the sufficiency of the record designated, rather than addressing the issue of the record being copied.  (*Id.*)

Debtor further argues that the court did not take the required steps for dismissing an appeal for a Federal Rule of Bankruptcy Procedure 8006 violation.  (*Id.* at 3.) Plaintiff argues, citing *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992), that for a district court to dismiss an appeal for a Rule 8006 violation, it must apply Federal Rule of Bankruptcy Procedure 8001(a) and take the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the parties; or (4) indicate that it considered the impact of the sanction and available alternatives.  (*Id.*) Debtor argues that the court did not give him notice or allow him to explain, that there was no prejudice to any adverse party, and that it did not consider available alternatives.  (*Id.* at 4.)  Further, Debtor argues that he was not negligent and did not act in bad faith since he relied on Rule 8006 and assumed that the appeal clerk would provide the copies, and that he is willing to contact the Appeal Clerk to "cure any misunderstanding."  (*Id.*)

## II. DISCUSSION

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F.Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

3

*United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for

reconsideration which presents the same issues already ruled upon by the court, either

expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3);

*Czajkowski v. Tindall & Assocs., P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997).

### A.  Palpable Defect

Rule 8006 provides, in pertinent part, that "[a]ny party filing a designation of the

items to be included in the record shall provide to the clerk a copy of the items

designated or, if the party fails to provide the copy, the clerk shall prepare the copy at

the party's expense."  The memorandum from the appeals clerk states that "on May 17,

2005 the debtor filed the Appellant designation of record along with his statement of

issues on appeal."  (11/8/05 Notice at 1.)  The court's dismissal was based upon the

statement by the appeal clerk that "[t]he documents requested by the appellant's

designation to be included have not been provided as required by the notice of the

requirement to file designation, nor has there been any contact by the appellant to make

arrangements to have copies made with the clerk."  (2/7/06 Order of Dismissal at 2.)

Rule 8006 clearly provides that the clerk "shall" prepare the copy if the party fails to do

so.  Therefore, there were no affirmative duties placed on Debtor to either provide the

copies to the appeal clerk or to specially request that the appeal clerk make the copies.

The court's reliance on *Drybrough v. Ware*, 111 F.2d 548 (6th Cir. 1940), was

mistaken because the case is no longer good law and, in any event, it is not applicable

to the Debtor's situation.  *Drybrough* imposes an affirmative duty on the appellant "to

see that the record is brought to the court with such of the proceedings of the trial court

as may be necessary for the proper presentation of the points on which he intends to

rely [Rule 75(d)] and for such record the court has the power to dismiss the appeal."
*Drybrough* 111 F.2d at 550. However, this imposition of affirmative duty is based on
Federal Rule of Civil Procedure 75, which was abrogated April 11, 1997. *See* Fed. R.
Civ. P. 73 advisory committee's note. In 1987, the Federal Rules of Bankruptcy
Procedure were created to govern cases under Title 11. Fed. R. Bank. P. 1001. The
Federal Rules of Civil Procedure "apply to proceedings in bankruptcy to the extent
provided by the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 81(a)(1).
Therefore, Rule 8006 applies to the designation of record and assembly of the items of
the designation in this case.

Furthermore, as Debtor argues, the issue in *Drybrough* is also distinguishable
because the issue in that case was that the record was insufficient as filed, while in
Debtor's case, the sufficiency of the record is not challenged. The issue is rather who is
responsible for making the copies to put in the record. Rule 8006 applies to the
designation of record and preparation of the copy of the designated items in a case
such as this appeal from a bankruptcy court to a district court. Debtor has
demonstrated that there is a palpable defect in the order of dismissal, since the
language of Rule 8006 and its application in these circumstances was "clear" and
"unmistakable." *See United States v. Lockett*, 328 F.Supp. 2d 682, 684 (E.D. Mich.
2004). Debtor justifiably relied on Rule 8006 and his failure to provide copies of the
documents was not itself the product of negligence or bad faith.

### B. Different Disposition

Now that the court has established that there was a palpable defect in the order
of dismissal, it must look to Debtor's motion to see if he successfully demonstrated "that

5

correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  Rule 8006, after stating that the clerk will prepare the copy if the party fails to do so, goes on to state that "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for the payment of its cost."  Fed. R. Bank P. 8006.

In his "Designation of Record," Debtor lists "Hearing (transcript to be ordered)." (Designation.)  At the time of the order of dismissal, over eight months had passed since Debtor filed his "Notice of Appeal."  (Order of Dismissal at 2.)  In that time period and to present, Debtor has yet to "deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for the payment of its cost" in accordance with Rule 8006.  Therefore, the rule, which caused the court to realize a palpable defect in the order of dismissal, also places an immediate affirmative duty on Debtor that he has not fulfilled, not even in an untimely fashion in the months following the attachment of that duty.

Debtor is fully aware of his obligation to make these arrangements.  Debtor has previously appealed to the Sixth Circuit a dismissal on the grounds of failure to designate items for appeal in a timely fashion or to provide transcripts of the bankruptcy court proceedings.[1]  In that case, the Sixth Circuit stated:

---

[1]The court notes that the issues relating to designation in that case were distinguishable because the bankruptcy court was unable to make copies of certain designated items until they were provided by Debtor, whereas here the items were all available to the bankruptcy court.  (*See* 02-70557 Order Granting "Motion for Dismissal

> "Debtor was required to file the designation of items within ten days after filing his case with the bankruptcy court, *as well as provide transcripts of the bankruptcy court proceedings*.  Fed R. Bank. P. 8006.  Failure to follow Rule 8006 permits a district court to take such action as it "deems appropriate, which may include dismissal of the [bankruptcy] appeal.  Fed. R. Bank. P. 8001(a).

*In re Kloian*, 72 Fed. Appx. 364, 365 (6th Cir. 2003)(emphasis added).  As a result, Debtor was on specific, personal notice of his responsibilities under Rule 8006.  Other courts have held specifically that failure to provide a transcript alone in compliance with Rule 8006 is grounds for dismissal.  *See Sandra Cotton, Inc. v. Bank of New York*, 87 B.R. 272, 273 (W.D. N.Y. 1988) (holding that when three years had passed and the record still lacked a transcript, the debtor's appeal must be dismissed for failure to perfect the record on appeal); *Hornick v. IRS*, 252 B.R. 897, 899 (W.D. Pa. 2000) (holding that failure to include a transcript in the record is grounds for dismissal because it does not allow the district court to find that the "[b]ankruptcy [c]ourt's findings of fact are clearly erroneous and that its legal conclusions are contrary to the law").

Debtor is also on notice from the opinion of one of his appeals to the Sixth Circuit that "[a] district court may in particular exercise its discretion to dismiss an appeal for a violation of Rule 2006 where there is a showing of bad faith, negligence, or indifference." *In re Kloian*, 137 Fed. Appx. 780, 783 (6th Cir. 2005) (citing *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980)).  Debtor argues that he did not demonstrate bad faith in these circumstances because he relied on Rule 8006 to have the clerk make the copies and because he is "extremely overloaded, being in pro per on a number of legal issues .

---

of Appeal" at 2.)

7

. . [a]ny omission was not due to negligence or indifference and appellant has continually shown good faith in attempting to comply with legal issues." (Mot. at 4.)

The court is not convinced that Debtor has acted in good faith in prosecuting this appeal. Debtor neglected to pay the full amount of his filing fee until June 30, 2006, even though he filed the notice of appeal May 5, 2005. He has completely neglected to attempt to procure a copy of the transcript, even though he had notice that this was his obligation under Rule 8006 from the Sixth Circuit's opinion upholding the dismissal of a previous appeal by him for failure to follow the same rule. *In re Kloian* 72 Fed. Appx. at 365. Therefore, his argument related to reliance on Rule 8006 is unpersuasive.

In another appeal by Debtor, the Sixth Circuit rejected a similar claim by Debtor that he was overloaded. In that appeal, Debtor argued "that his failure . . . [to follow Rule 8006] . . . was not the result of bad faith, neglect, or indifference, but rather the result of having to simultaneously file numerous pleadings in related litigation." *In re Kloian*, 137 Fed. Appx. at 783. The Sixth Circuit agreed with the district court that Debtor "cannot file what the bankruptcy court describes as 'countless often meritless objections' and then claim that his extensive handling of his litigation efforts excuses his procedural errors on appeal." *Id.* Furthermore, Debtor's in pro per status does not convince the court that dismissal of his appeal should be reconsidered since he has continually been penalized by the Sixth Circuit for violation of Rule 8006.[2]  In light of the

_____

[2]For similar reasons, the court rejects Debtor's contention that it "is not being consistent when it appoints a GAL [guardian ad litem for Debtor], claiming [Debtor] cannot handle his affairs, and then claims the appellant has not demonstrated good faith." (Debtor's Mot. at 4.) Despite the position of the GAL that Debtor should not be able to attempt to represent himself in the myriad cases Debtor filed or is facing, "Debtor continues to file pleadings, in pro per (even when represented by counsel), appear at

circumstances, Debtor has not persuaded the court that the factors listed in *Serra Builders*, which is only persuasive authority, favor him.  Debtor has not convinced the court that correction of the palpable defect would result in a different disposition of the case.

### IV.  CONCLUSION

IT IS ORDERED that Debtor's "Motion to Reinstate Appeal" [Dkt. #10] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  August 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

---

hearings . . . . [and] continues to raise the same objections to the various motions before the Court [sic]."  (1/27/06 Third Report of Guardian Ad Litem at 5.)  The dissonance belongs therefore to Debtor's stubborn refusal to abide by the court's order of a GAL and to allow the GAL to protect Debtor's interests.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\05-71776.KLOIAN.DenyReconsideration.wpd